IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00126-PAB-MJW

HARVEY M. HARGER,

    Plaintiff,

v.

ED SCHAFER, Secretary,
United States Department of Agriculture, Washington, DC,

    Defendant.
_____

**ORDER**
_____

      This matter comes before the Court on the Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 57], which recommends that the Court grant defendant's Motion to Dismiss [Docket No. 23] on the ground that plaintiff failed to exhaust his administrative remedies. On, March 11, 2010, plaintiff filed timely objections [Docket No. 59] to the Recommendation. Where a party timely files objections to a magistrate judge's recommended adjudication of a dispositive motion, the Court reviews the objected-to portion of the recommendation de novo. Fed. R. Civ. P. 72(b).

      Plaintiff claims that he has been discriminated against on the basis of age and gender during the course of his employment with the United States Department of Agriculture. From November 15, 1999 to September 20, 2003, plaintiff worked at the Wapiti Ranger Station in the Shoshone National Forest in Wyoming. Plaintiff's basic contention is that he (and his wife) were made to work unpaid overtime and were

charged rent for staying in the Forest Service's ranger cabin when younger female employees were not. He brings claims under the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act. I construe plaintiff's pleadings liberally because Mr. Harger is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Defendant moves to dismiss on two grounds: failure to exhaust administrative remedies and failure to state a plausible claim.

Pursuant to federal regulation, a federal employee asserting an employment discrimination claim "must initiate contact with a[n] [Equal Employment Opportunity] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). Compliance with this forty-five day administrative provision is a prerequisite to filing suit in federal court. *See, e.g., Mayberry v. E.P.A.*, No. 09-3053, 2010 WL 618031, at *1 (10th Cir. Feb. 23, 2010); *see also Dimsdale v. Peters*, 217 F. App'x 743, 746 (10th Cir. 2007) ("The regulation places no limits on when an aggrieved party may contact a counselor if all he seeks is an informal resolution of his complaint; however, if an aggrieved party wishes to pursue a formal complaint or a lawsuit, he must contact the Counselor within forty-five days.").[1] However, compliance is not necessarily a *jurisdictional* prerequisite. While complete failure to initiate contact with

---

[1] As the *Mayberry* court recognized, a party bringing an age discrimination claim under the ADEA may bypass this administrative procedure and file a notice with the head of the Equal Employment Opportunity Commission within 180 days of the allegedly discriminatory practice. 2010 WL 618031, at *2; *see also* 29 C.F.R. § 1614.201(a). There is no allegation that plaintiff filed such a notice.

2

an EEO counselor is a jurisdictional bar to the Court considering a claim, failure to contact such a counselor in a timely manner is not. *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1325 (10th Cir. 2002). Procedurally, this means that whether a plaintiff initiated contact with an EEO counselor in a timely manner is a question of whether plaintiff has stated a claim, evaluated under Rule 12(b)(6), rather than whether the Court has subject matter jurisdiction over that claim, evaluated under Rule 12(b)(1). *Beene v. Delaney*, No. 02-6020, 2003 WL 21480698, at *3 (10th Cir. June 27, 2003) (citing *Sizova*, 282 F.3d at 1324-26). Substantively, this means that the forty-five day time limit may be tolled in appropriate circumstances. *Sizova*, 282 F.3d at 1325.

Plaintiff appears to have properly initiated contact with an EEO counselor. Attached to plaintiff's original complaint are two letters – dated June 13, 2003, and June 15, 2003, respectively – that were sent to Forest Service administrators and that assert problems with plaintiff's working conditions. Compl., Ex. 2 [Docket No. 1-6 at 1-4]. Defendant concedes, at least for the purpose of this motion, that these letters comply with the technical requirements of 29 C.F.R. § 1614.105, but contends that the letters were untimely. [Docket No. 38 at 6]. Because plaintiff has presented matters outside of his complaint in support of his exhaustion argument, and because I have considered those materials in assessing the issue, defendant's motion to dismiss will be treated as one for summary judgment under Rule 56. *Beene*, 2003 WL 21480698, at *3 (citing Fed. R. Civ. P. 12(b)). Under this standard, the critical question is whether there is a genuine dispute over any facts material to the exhaustion issue. Fed. R. Civ. P. 56(c).

In both his response to defendant's motion to dismiss and his objections to the magistrate judge's recommendation, plaintiff argues that he suffered discrimination at a meeting in mid-May 2003, when he was ordered to keep up his workload and to continue to pay rent for his stay at the ranger cabin. [Docket No. 41 at 2; Docket No. 59 at 11]. This meeting occurred within forty-five days of plaintiff sending his letters to Forest Service officials. However, there is no indication that any new discrimination occurred at the May 2003 meeting. Rather, it seems that plaintiff was simply told, again, that he would be required to work and to pay rent as he had been in the past. A federal employee is required to contact a counselor within forty-five days of the allegedly discriminatory action. *See Conkle v. Potter*, 46 F. App'x 950, 952 (10th Cir. 2002) ("'It is . . . settled that the applicable administrative deadlines run from the time of the discriminatory act, not from the time of a later, inevitable consequence of that act.'" (quoting *Young v. Nat'l Ctr. for Health Servs. Research*, 828 F.2d 235, 237 (4th Cir.1987))). It is not at all clear that this May meeting involved a discrete discriminatory decision sufficient to make plaintiff's June letters timely.

But even if these letters were sent more than forty-five days after any discriminatory actions, plaintiff may still have exhausted his administrative remedies. Section 1614.105 requires that the agency extend the forty-five day time limit "when the [complaining] individual shows that he or she was not notified of the time limits and was not otherwise aware of them." 29 C.F.R. § 1614.105(a)(2). Plaintiff claims that this was precisely the case here, i.e., because there were no instructions about the filing period at the ranger station where he worked, he "was not aware there was a time limit to report the discriminating action." [Docket No. 59 at 12.] The administrative judge who

originally considered plaintiff's discrimination charge agreed with plaintiff on this point. The judge denied defendant's motion to dismiss for failure to comply with the forty-five day requirement, ruling that the agency had not produced evidence of any posters, brochures, or other information conveying the forty-five day limit and thus had failed to show that plaintiff was actively or constructively aware of the deadline. [Docket No. 59-2 at 11.] At the very least, there is a dispute of fact over whether plaintiff was excused from filing within forty-five days of any allegedly discriminatory conduct. I cannot dismiss the case at this stage for failure to timely exhaust.

Turning to the substance of plaintiff's complaint, defendant asserts that plaintiff's claims must be dismissed for failure to sufficiently plead either gender or age discrimination. As to gender discrimination, defendant's primary argument is that plaintiff, who is male and thus a member of a historically favored group, cannot make the heightened showing required to plead "reverse" discrimination. In such a case, the necessary "inference of invidious intent" exists only where "'background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority.'" *Adamson v. Multi Community Diversified Servs., Inc.*, 514 F.3d 1136, 1149 (10th Cir. 2008) (quoting *Notari v. Denver Water Dep't*, 971 F.2d 585, 588-89 (10th Cir. 1992)). Plaintiff's complaint falls well short of this standard. Most of the alleged discrimination was by his male supervisor, Brent Larson, and was purportedly directed at plaintiff *and his wife*. These allegations – of a male supervisor discriminating against a male and female employee – do not suggest that the Department of Agriculture is the sort of "unusual" employer that is biased against men. Plaintiff's gender discrimination claim must be dismissed.

5

As to age discrimination, defendant argues that plaintiff's complaint fails to show that he suffered any adverse employment action, that he faced disparate treatment because of his age, or that age was the "but-for" cause of any purported discrimination. *See, e.g.*, *Gross v. FBL Financial Services, Inc.*, --- U.S. ---,129 S.Ct. 2343, 2352 (2009) ("[A] plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove . . . that age was the 'but-for' cause of the challenged adverse employment action."). I disagree. Plaintiff asserts that his compensation plan was changed in early 2000; he no longer received free rent and utilities in exchange for his volunteer service, but was now required to pay for rent on top of the volunteer work. Am. Compl. [Docket No. 22] ¶¶ 2-5. In 2003, this rent amounted to $543 per month. *Id.* ¶ 15. He alleges that the "young female" employees were not similarly double-charged, i.e., made to work and pay rent. *Id.* ¶ 8. He also appears to claim that he was forced to work unpaid overtime when younger employees were not. *Id.* ¶ 15. Further, plaintiff contends that he was repeatedly called a "good ole boy who is willing to do the work" by his supervisor, and that a senior agency official questioned whether he was "to [sic] old for the work." *Id.* ¶¶ 18-19. Liberally construed, and drawing inferences in plaintiff's favor, these allegations suggest that age was a factor in the rent and overtime decisions and that such treatment constituted an adverse employment action. *See Dick v. Phone Directories Co., Inc.*, 397 F.3d 1256, 1268 (10th Cir. 2005) (noting that an adverse employment action includes "a decision causing a significant change in benefits"). Plaintiff has plausibly pled an age discrimination claim. *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009).

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 57] is OVERRULED. It is further

**ORDERED** that Defendant's Motion to Dismiss [Docket No. 23] is GRANTED in part and DENIED in part. Plaintiff's gender discrimination claim, brought pursuant to Title VII of the Civil Rights Act, is dismissed. However, plaintiff's age discrimination claim under the Age Discrimination in Employment Act is permitted to go forward at this point.

DATED March 18, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge