IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00126-PAB-MJW

HARVEY M. HARGER,

    Plaintiff,

v.

TOM VILSACK, Secretary,
United States Department of Agriculture,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on the Recommendation [Docket No. 98] filed by United States Magistrate Judge Michael J. Watanabe on January 18, 2011. Magistrate Judge Watanabe recommends that the Court grant defendant's motion for summary judgment [Docket No. 64]. Plaintiff filed timely objections to the Recommendation [Docket No. 100] on February 2, 2011.[1] Therefore, the Court reviews the objected-to portion of the Recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3).

Plaintiff's sole remaining claim in this action alleges that he was subjected to age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, while employed with the United States Department of Agriculture.[2]

---

    [1]Because plaintiff is not represented by counsel, the Court will construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    [2]Plaintiff brought a claim for gender discrimination pursuant to Title VII of the Civil Rights Act which the Court dismissed on March 18, 2010. *See* Docket No. 61.

Plaintiff worked at the Wapiti Ranger Station in the Shoshone National Forest in Wyoming. Plaintiff contends that defendant, in determining plaintiff's overtime responsibilities and compensation and in setting the rent for the ranger cabin where plaintiff lived with his wife, treated him less favorably than younger employees.

Defendant argues that it is entitled to summary judgment because (1) plaintiff failed to exhaust the available administrative remedies because his complaint to an Equal Employment Opportunity ("EEO") counselor was untimely and (2) that he has not identified evidence sufficient to prove an ADEA claim. The Recommendation concluded that defendant was entitled to summary judgment on both grounds.

In regard to exhaustion, a federal employee asserting an employment discrimination claim "must initiate contact with a[n] [Equal Employment Opportunity] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). Compliance with this forty-five day administrative provision is a prerequisite to filing suit in federal court. *See, e.g.*, *Mayberry v. E.P.A.*, 366 F. App'x 907, 908 (10th Cir. 2010); *see also Dimsdale v. Peters*, 217 F. App'x 743, 746 (10th Cir. 2007) ("The regulation places no limits on when an aggrieved party may contact a counselor if all he seeks is an informal resolution of his complaint; however, if an aggrieved party wishes to pursue a formal complaint or a lawsuit, he must contact the Counselor within forty-five days.").[3] Compliance, however, is not necessarily a

---

[3]As the *Mayberry* court recognized, a party bringing an age discrimination claim under the ADEA may bypass this administrative procedure and file a notice with the head of the Equal Employment Opportunity Commission within 180 days of the allegedly discriminatory practice. 366 F. App'x at 909; *see also* 29 C.F.R.

*jurisdictional* prerequisite. The complete failure to initiate contact with an EEO counselor is a jurisdictional bar, but untimely contact is not. *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1325 (10th Cir. 2002); *see Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996).[4] Because the jurisdiction of the Court is not implicated by defendant's arguments regarding exhaustion, the Court chooses to reach the substance of plaintiff's ADEA claim, given that it is dispositive, without considering the exhaustion issue. *See Zipes v. Trans World Airlines, Inc.* 455 U.S. 385, 393-98 (1982) (rejecting the argument that courts lacked subject matter jurisdiction to award relief in cases where exhaustion was untimely; "[w]e hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."); *see also Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010) (deciding to "reach the merits" of an ADEA claim because the resolution of the exhaustion question in that case did not implicate the Court's jurisdiction and a merits determination "provide[d] a sounder basis for resolving the case"); *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 403 (6th Cir. 2008) (noting that, because in the Sixth Circuit "administrative exhaustion does not raise a jurisdictional question under the ADEA," the court was permitted "to decline to decide the issue if reaching the merits

---

§ 1614.201(a). Plaintiff does not contend that he filed such a notice.

[4]Substantively, this means that the forty-five day time limit may be tolled in appropriate circumstances. *Sizova*, 282 F.3d at 1325. Here, there is no dispute that plaintiff initiated contact with an EEO counselor. That initiation was untimely, but plaintiff argues that tolling the forty-five day limit is appropriate in this case because he did not receive notice "of the time limits and was not otherwise aware of them." 29 C.F.R. § 1614.105(a)(2).

3

of [plaintiffs'] disparate-impact claim provides a clearer basis for the disposition of the case").

"[T]o succeed on a claim of age discrimination, a plaintiff must prove by a preponderance of the evidence that her employer would not have taken the challenged action but for the plaintiff's age." *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1277 (10th Cir. 2010) (citing *Gross v. FBL Financial Services, Inc.*, --- U.S. ----, 129 S.Ct. 2343, 2351 (2009)). The Tenth Circuit "has long held that plaintiffs may use" the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to determine whether circumstantial evidence of discrimination supports a plaintiff's ADEA claim. *Id*. at 1278. In *Gross*, however, the Supreme Court "created some uncertainty regarding burden-shifting in the ADEA context." *Id.* The Tenth Circuit, however, has made clear that *Gross* "does not preclude [the] continued application of *McDonnell Douglas* to ADEA claims." *Id.*

Pursuant to the *McDonnell Douglas* framework, the plaintiff must identify evidence sufficient to support a prima facie case of discrimination on account of his age. *See Jones*, 617 F.3d at 1278; *see also McDonnell Douglas*, 414 U.S. at 802. If plaintiff successfully does so, defendant must "identify a legitimate, nondiscriminatory reason for the adverse employment action." *Jones*, 617 F.3d at 1278; *see McDonnell Douglas*, 414 U.S. at 802. If the employer identifies a legitimate, nondiscriminatory reason, the burden shifts back to plaintiff to produce evidence creating a genuine factual dispute as to whether the proffered justification was a pretext for discrimination. *See Riggs v. AirTran Airways, Inc.*, 497 F.3d 1108, 1114-15 (10th Cir. 2007).

In this case, the Court finds that, even assuming plaintiff made out a prima facie case, defendant has identified two legitimate, nondiscriminatory reasons for its actions. First, tighter budgets required that plaintiff begin contributing more to his rent, which was calculated based on formulas instituted nationally. Second, plaintiff's right to live in the cabin was contingent on his work as a volunteer, and plaintiff was unwilling to sign a volunteer agreement in 2003 due to the change in policy regarding rent. In response to these reasons, plaintiff identifies no evidence showing "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1308 (10th Cir. 2005).

Plaintiff cites isolated statements by his supervisor Brent Larson that plaintiff was a "good ole boy who could do the work" and "who is willing to do the work." Docket No. 71 at 12, 20. Plaintiff, however, testified that he did not believe these statements reflected age bias. Docket No. 64-1 at 45. Although plaintiff stated that there was an "insinuation," he does not explain the nature of any age-related insinuation by Mr. Larson or how it impacted the decisions regarding plaintiff's rent and work obligations. *Cf. Howard v. Garage Door Group, Inc.*, 136 F. App'x 108, 112 (10th Cir. 2005) (noting plaintiff's failure "to show the requisite nexus" between a comment and defendant's conduct). Plaintiff also testified regarding a question by Dorene Austin, the Administrative Officer and EEO Coordinator of the Shoshone National Forest, whether he could do the work, whether the work was "too heavy." Docket No. 64-1 at 42; *see*

5

Docket No. 22 at 5-6, ¶ 19 (alleging that Dorene Austin asked him whether he was "to[o] old for the work"). Without identifying evidence of a connection between these isolated statements and defendant's actions, plaintiff's claim cannot survive defendant's motion for summary judgment. *See Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 531 (10th Cir. 1994) ("Isolated comments, unrelated to the challenged action, are insufficient to show discriminatory animus . . . ."). In short, plaintiff identifies nothing that would permit a jury to reject the legitimate, non-discriminatory reasons proffered by defendant[5] and conclude that the "employer would not have taken the challenged action but for the plaintiff's age." *Jones*, 617 F.3d at 1277.

Therefore, it is

**ORDERED** that the Recommendation [Docket No. 98] filed by United States Magistrate Judge Michael J. Watanabe is ACCEPTED in part. It is further

**ORDERED** that defendant's motion for summary judgment [Docket No. 64] is GRANTED. It is further

**ORDERED** that plaintiff's objection to defendant's motion for extension of time to file a response to plaintiff's objections to the Recommendation [Docket No. 103], which the Court construes as a motion to reconsider the Court's order granting defendant's motion for extension of time, is DENIED. It is

---

[5]*See E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 800 n.5 (10th Cir. 2007) ("There exists some tension in our case law regarding what a plaintiff must establish as part of his or her prima facie case of discrimination. . . . Regardless of whether we analyze the plaintiff's evidence 'in reference to the prima facie case or the business justification versus pretext inquiry, . . . if the court correctly concludes that the evidence of discrimination/pretext fails as a matter of law, summary judgment for the defendant is the proper result.'") (citations omitted).

**ORDERED** that the trial preparation conference scheduled for August 12, 2011 and the trial scheduled to begin on August 29, 2011 are VACATED. It is further

**ORDERED** that, in accordance with the foregoing, judgment shall enter in favor of defendant and against plaintiff.


DATED February 28, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge